NO. 07-11-00393-CV
 
 IN THE COURT OF APPEALS
 
 FOR THE SEVENTH DISTRICT OF TEXAS
 
 AT AMARILLO
 
 PANEL B
 
--------------------------------------------------------------------------------
OCTOBER 13, 2011
--------------------------------------------------------------------------------

 
 IN RE JACKIE LEE BIBBS, RELATOR
--------------------------------------------------------------------------------

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

 ORIGINAL PROCEEDING
Relator, Jackie Lee Bibbs, has filed a petition for "Writ of Mandamus to Enforce Judgment on Pending Motion" requesting this Court issue "an Order for hearing for self-representation." We deny the petition.
Texas Rule of Appellate Procedure 52.3 identifies the requirements for a petition for writ of mandamus filed in this Court. Bibbs has failed to comply with these requirements. Rule 52.3(a) requires that a petition must include a complete list of all parties and the names and addresses of all counsel. Bibbs includes a list denominated as "Identity of Parties" but identifies this Court as the only party to this action. Rule 52.3(d) requires a statement of the case that includes a concise description of the nature of the underlying proceeding. Bibbss petition does not contain a statement of the case, and does not include a concise description of the nature of the underlying proceeding. Rule 52.3(e) requires the petition include a statement regarding the basis of this Court's jurisdiction. Bibbs's petition does not identify a proper basis for this Court's exercise of jurisdiction in this proceeding. Rule 52.3(f) requires the petition include a concise statement of all issues or points presented for relief. Bibbs's petition includes no such statement. Rule 52.3(g) requires the petition include a statement of facts supported by citation to competent evidence included in the appendix or record. Bibbs's petition does include a statement of facts, but does not cite to competent evidence in the appendix or record. Rule 52.3(h) requires a clear and concise argument for the contentions made, with appropriate citations to authorities. Bibbs does not identify any authority that would authorize the relief sought. Finally, Rule 52.3(k)(1)(A) requires that the appendix to the petition include a certified or sworn copy of any order complained of, or other document showing the matter complained of. Bibbs has not included an appendix to his petition. As each of these items is required in a petition for writ of mandamus and Bibbs has failed to comply with these requirements, we may not grant the relief that he requests.
As Bibbss petition for writ of mandamus does not comply with the requirements of Rule 52.3, we deny the petition.

 Mackey K. Hancock
 Justice